## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Sean R. Crawford, a Special Agent with the Department of Homeland Security, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this Affidavit in support of an application under Federal Rule of Criminal Procedure 41 for a warrant to search storage media that was found during execution of a federal search warrant at 2470 N Old Bethlehem Pike, Quakertown, PA, 18951, and seize fruits, evidence and /or instrumentalities of the specified federal offense to wit; 18 USC 2252 – Certain activities relating to material involving the sexual exploitation of minors. There is probable cause to believe that, on the storage media, at the time of the execution of the search warrant, there will be the items, materials and objects described in Attachment B.

2.      The statements made in this affidavit are made based on my personal observations and investigation, as well as information communicated or reported to me during the investigation by other participants in the investigation, as the content of this affidavit indicates. In addition, the information contained herein does not include every fact known to agents.

3.      I am a Special Agent employed by the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), assigned to the Office of the Special Agent in Charge, Philadelphia, Pennsylvania. I have been employed in such capacity since March 2021. Prior to becoming a Special Agent with HSI, I was a Patrol Agent with Customs and Border Protection from September 2009 until March 2021. I have completed the Criminal Investigator Training Program, as well as the HSI Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. As an HSI Special Agent, I have experience conducting criminal investigations into violations of federal law. I have

been assigned to the HSI Philadelphia National Security Group and am currently assigned to the

Resident Agent in Charge, Allentown office. I have investigated and assisted with the

investigation of numerous cases involving, but not limited to, human trafficking, child

exploitation, importation violations, and controlled substance violations.

4.      During my time as a law enforcement officer, I have participated in criminal

investigations which involved the use of premises search warrants, electronic device search

warrants, electronic mail search warrants, cell site and GPS location warrants, the review of

telephone and email records, and covert surveillance. I have executed arrest warrants and served

search warrants on residences, vehicles, storage medium, and electronic devices. As a result of

my training and experience, I am familiar with the techniques and methods of operations used by

individuals involved in criminal activity to conceal their activities from detection by law

enforcement authorities.

5.      I am an investigator or law enforcement officer of the United States within the

meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States

who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated

in Titles 8, 18, 19, 21, and 31 of the United States Code and other related offenses.

6.      Based on my training and experience and the facts set forth in this affidavit, I

respectfully submit that there is probable cause to believe that evidence of violations 18 U.S.C. §

2252 – Certain activities relating to material involving the sexual exploitation of minors, will be

discovered on the storage media described in Attachment A.

## JURISDICTION

7.      This Court has jurisdiction to issue the requested warrant because it is "a court of

competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), &

(c)(1)(A).  Specifically, the Court [is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## STATUTORY AUTHORITY

8.   Title 18, United States Code, Section 2252 (a) (4) states

> "Any person who knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section."

9.   Based on my knowledge, training, and experience, court records, and information provided by investigators with prior experience investigating SURMAN, I submit that probable cause exists to search the storage media described in Attachment A for evidence of violations of 18 U.S.C. § 2252.

## DEFINITIONS

10.   The following definitions apply to this Affidavit and Attachment B:

a.   "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

b.   "Computer," as used herein, refers to "an electronic, magnetic, optical,

electrochemical, or other high speed data processing device performing logical or storage

functions, and includes any data storage facility or communications facility directly related to or

operating in conjunction with such device" and includes smartphones, other mobile phones, and

other mobile devices.  See 18 U.S.C. § 1030(e)(1).

      c.      "Minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of

eighteen years.

      d.      "Records," "documents," and "materials," as used herein, include all information

recorded in any form, visual or aural, and by any means, whether in handmade, photographic,

mechanical, electrical, electronic, digital, or magnetic form.

      e.      "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or

simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal,

whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic

or masochistic abuse; or (e) lascivious exhibition of the anus, genitals, or pubic area of any

person.  An image can depict the lascivious exhibition of the genitals or pubic area even if the

child is clothed, *see United States v. Knox*, 32 F.3d 733 (3d Cir. 1994), *cert. denied*, 513 U.S.

1109 (1995); *United States v. Caillier*, 442 F. App'x 904 (5th Cir. 2011), so long as it is

sufficiently sexually suggestive under the factors outlined in *United States v. Dost*, 636 F. Supp.

828 (S.D. Cal. 1986), *aff'd sub nom, United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987),

*aff'd*, 813 F.2d 1231 (9th Cir. 1987), *cert. denied*, 484 U.S. 856 (1987)

      f.      A "storage medium" is any physical object upon which computer data can be

recorded.  Examples include digital video discs ("DVD"), hard disks, RAM, floppy disks,

"thumb," "jump," or "flash" drives, CD-ROMs, and other magnetic or optical media.

      g.      "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film

and videotape, data stored on computer disc or other electronic means which is capable of

conversion into a visual image, and data which is capable of conversion into a visual image that

has been transmitted by any means, whether or not stored in a permanent format.

      h.      "Digital video disc," or "DVD," is a storage medium that utilizes digital optical

disc data storage and is capable of containing files such as visual images, data, videos, and/or

computer software, or any combination of such. A "Digital Video Disc Recordable," or "DVD-

R," is a digital video disc type that files can be added to, or "burned," using a computer.

### PROBABLE CAUSE

      11.      On April 19, 2023, Homeland Security Investigations served a federal search

warrant on the premises of SURMAN seeking evidence of violations involving the unlawful

importation of hazardous chemicals, controlled substances, and precursors to the synthesis of

fentanyl. The search warrant for the premises was approved by a U.S. Magistrate Judge.

      12.      During the execution of the premises search warrant, a DVD-R disc was located

in SURMAN's bedroom, on top of a dresser. On the DVD-R, "David Vidios Very Young" was

written in red permanent marker.

      13.      I know from discussions with other investigators, and my review of court records,

that SURMAN was the subject of a criminal investigation in 2018. During that investigation,

investigators searched SURMAN's residence, and found images and videos of child pornography

on storage media there; forensic examination of electronic devices, including storage medium,

seized during the search discovered "known images" of child pornography and sexual

intercourse with animals on storage medium owned by SURMAN. "Known images" are

previously identified child pornography images that have been discovered by law enforcement as

part of collections and that, generally speaking, have been distributed on the internet, file sharing

software, or through storage mediums sent in the mail.

14.     Court records and PSP case notes show that on October 10, 2018, SURMAN was charged with 1 count of Sexual Abuse of Children based on his possession of those images; and on January 27, 2020, he pled guilty to 18 § 7512 §§ A – Criminal Use of Communication Facility (Felony 3) and 18 § 7611 §§ A2 – Unlawful Use of a Computer (Felony 3) .

15.     Based on my training and experience, the DVD-R found at the subject residence does not contain copyrighted material as if it was produced by a film studio or mass produced for public audiences. Traditional DVDs that contain mass-produced software or movies will have indications that there is copy protected data. The DVD-R found at the subject residence did not appear to have copy protected data. Furthermore, the underside of the DVD-R contains indications that there is content that was written, or burned, on the DVD-R as seen in images contained in attachment A. The DVD-R found at the subject residence has a purple hue, suggesting that it is a recordable or burnable disc. Recordable and burnable discs have a green, purple, or color of tint to differentiate from mass-produced DVDs.

## CHARACTERISTICS COMMON TO INDIVIDUALS WHO POSSESS CHILD PORNOGRAPHY

16.     Based on my education, training, and experience, as well as information obtained from other experience law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who possess child pornography:

a.      Such individuals may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

b.      Such individuals may collect sexually explicit or suggestive materials in a variety

of media, including, but not limited to digitized/electronic media. Individuals who have a

sexual interest in children or images of children oftentimes use these materials for their

own sexual arousal and gratification.  Further, they may use these materials to lower the

inhibitions of children they are attempting to seduce, to arouse the selected child partner,

or to demonstrate the desired sexual acts.

c.       Such individuals almost always possess and maintain their child pornographic

material in the privacy and security of their home or some other secure location.

Individuals who have a sexual interest in children or images of children typically retain

this material for many years.

d.       Likewise, such individuals often maintain their child pornography images in a

digital or electronic format in a safe, secure and private environment, such as a computer

and surrounding area.  These child pornography images are often maintained for years

and are kept close by, usually at the possessor's residence, inside the possessor's vehicle,

or, at times, on their person, to enable the individual to view the child pornography

images, which are valued highly.

### NIGHT SERVICE REQUEST

17.     Although members of law enforcement will attempt to view the contents during

daylight hours, they do not know when the contents described in Attachment A will be viewed.

Accordingly, since the contents may be observed after daytime hours, additional authority is

sought to search the contents of the item described in Attachment A between the hours of 10:00

pm and 6:00 am.

### CONCLUSION

18.     Based upon the information above I respectfully submit that there is probable

cause to believe that violations of Title 18 U.S.C. Sections 2252 has been committed and that

evidence of those violations is located on the DVD-R seized from SURMAN's residence. This

evidence, listed in Attachment B to this affidavit, which is incorporated herein by reference, is

contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or

has been used as the means of committing the foregoing offenses. Therefore, I respectfully

request that the attached warrant be issued authorizing the search and seizure of the DVD-R

identified in Attachment A, for the items listed in Attachment B.

Respectfully submitted,

 /s/ Sean R. Crawford
Sean Ryan Crawford
Special Agent
Homeland Security Investigations

Sworn To and Subscribed Before Me
This 4th Day of May 2023.

   /s/ Honorable Carol S. Moore Wells
Honorable CAROL S. MOORE WELLS
U.S. Magistrate Judge

# ATTACHMENT A

## DESCRIPTION OF STORAGE MEDIUM TO BE SEARCHED

DVD-R with "David Vidios Very Young" written in red permanent marker

 

## ATTACHMENT B

## EVIDENCE TO BE SEARCHED FOR AND SEIZED

Evidence of violations of 18 U.S.C. Section 2252 including the following:

1.      All visual depictions of minors engaged in sexually explicit conduct produced using minors engaged in such conduct.

2.      All documents in electronic form, and, any other electronic data or other memory features pertaining to the possession, receipt, access to, or distribution of child pornography or visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, or pertaining to an interest in child pornography or minors whether transmitted or received, or which tends to show the knowing possession of any child pornography possessed.

3.      All records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the transmission in or affecting interstate or foreign commerce including by United States mail or by computer of any visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

4.      All records which evidence operation or ownership or use of computer or electronic equipment or devices, including, but not limited to, correspondence, sales receipts, bills, financial records, tax records, personal photographs, telephone records, notebooks, diaries, reference materials, or other personal items, and registration information for any software on the computer or device.

5.      All computer or electronic device passwords, keywords and other data security devices designed to restrict access to or hide computer software, documentation or data.  Data security devices may consist of hardware, software, or other programming code.  Any password or encryption key that may control access to a computer/phone operating system, individual computer/phone files, or other electronic data.